# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME LEE CROSS,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF HANFORD DISTRICT ATTORNEY, et al.,<br><br>    Defendants. | Case No. 1:14-cv-01755---SAB<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Jerome Lee Cross, proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. 1983 on November 12, 2014.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

While unclear, it appears that Plaintiff is a pretrial detainee who is housed at the Kings County Jail.  Plaintiff claims that from April 24, 2013 through September 17, 2014, Kings County Judges Barnes, Tartar, Burns and several district attorneys, his public defender, the Kings County Sheriff Department and Hanford Police Department conspired to deprive him of his constitutional rights.  (Compl. 4, ECF No. 1.)

While Plaintiff was in custody for possession of a shuriken, a three bladed folding knife that opens into a throwing star, he was charged with assault with great bodily injury stemming from a fist fight on the recreational yard.  Following a two day trial, the jury found Plaintiff guilty of simple assault.  On October 17, 2013, Plaintiff was released from custody.  (Id. at 5.)

When Plaintiff's mother passed away she left her house in a trust to her children.  At the time that Plaintiff was released from custody, his brother's estranged wife was living in the

house.  (Id. at 5.)  Plaintiff went to the house and knocked on the doors and windows.  (Id. at 5-6.)  His sister-in-law came to the window, but went back inside without letting him in.  Plaintiff went into the garage to try to get in through the garage door which is usually left unlocked.  Finding the door locked, Plaintiff knocked.  When no one answered he got upset and kicked the door open.  (Id. at 6.)

Plaintiff went into the house to go to his room and was confronted by his sister-in-law who was on the phone with the police.  Plaintiff's sister-in-law told him that she had a court order stating that she and her children are the only ones that could be at the house, but Plaintiff did not believe her.  (Id.)

Plaintiff was handcuffed by Defendant Williams.  Plaintiff told Defendant Williams that he had a copy of the will leaving the house in trust to his mother's children.  Defendant Williams looked at the will and then went inside and got the court order from his sister-in-law.  After looking over the paperwork, Defendant Williams placed Plaintiff under arrest for misdemeanor trespass and felony vandalism.  (Id.)

Plaintiff was arraigned the next day and charged with three felonies, terrorist threats, vandalism and burglary, Plaintiff's bail was set at $125,000.00 and Public Defender Melina Benninghoff was appointed to represent him.  Plaintiff agreed to waive time and a preliminary hearing.  When the investigator went out to talk to his sister-in-law, she stated it was all a misunderstanding and she did not want to press charges.  (Id.)

On the day of trial confirmation, the district attorney dismissed the felony charges and stated his intention to refile charges for possession of the shuriken.  After the charges were refiled, Plaintiff repeatedly told the court that his rights were violated due to an unlawful stop.  (Id. at 7.)  Plaintiff had disagreements with his counsel on the motions to file in his case.  Plaintiff tried to file motions pro per, but the court advised him that he could not file motions unless he was representing himself, so Plaintiff withdrew the motions.  Plaintiff proceeded to trial and the jury hung.  Charges were refiled.  (Id.)

Plaintiff was recently found guilty of possession of an alcoholic beverage in jail following a jury trial.  Plaintiff contends that he was questioned without being read his Miranda

rights, evidence was destroyed, evidence was improperly admitted, the jury was pooled according to race and economic status, and the jury instructions were erroneous. (Id.)

Plaintiff alleges that his probation officer came to see him and Plaintiff refused to talk to him, telling the probation officer to refer to the prior probation report. When the probation officer asked Plaintiff if he did not care what happened to him, Plaintiff told him to get lost. Plaintiff filed a complaint with the Probation Department and received no response. (Id. at 8.)

Plaintiff is seeking monetary compensation and equitable relief.[1]

### III.

### DISCUSSION

Although Plaintiff's complaint is lengthy, it consists largely of general and/or conclusory allegations which will not support any plausible claims for relief. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969. In the sections that follow, the Court will provide Plaintiff with the legal standards applicable to the claims it appears he is seeking to pursue. Plaintiff shall be granted an opportunity to cure the deficiencies discussed in this order. If Plaintiff chooses to file an amended complaint he should only pursue those claims which he believes, in good faith, are cognizable.

**A.    Linkage Requirement**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 678-79; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Simmons, 609 F.3d at 1020-21;

---

[1] The Court notes that Plaintiff filed an action based on these same or similar allegations which was dismissed on September 9, 2014 as barred by Heck v. Humphrey, 512 U.S. 477 (1994). Cross v. Kings County Sheriff Dept., No. 1:14-cv-01253-JLT (PC) (E.D. Cal.).

1 Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934. Supervisors may be held liable only if they
2 "participated in or directed the violations, or knew of the violations and failed to act to prevent
3 them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202,
4 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

Plaintiff alleges that after he broke into the house, Defendant Williams arrested him for trespassing. Plaintiff's allegations that he was arrested after kicking down the door of the house do not state a cognizable claim against Defendant Williams for the violation of his federal rights.

Similarly, Plaintiff's refusal to allow the probation officer to interview him for the probation report does not implicate any federal rights.

### B. Habeas Relief

State prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or *indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody*." Wilkinson, 544 U.S. at 81 (emphasis added). Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82.

When seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. Plaintiff's claims relating to his conviction are not cognizable in a section 1983

5

action and must be brought by a writ of habeas corpus.

### C. Public Defender

Plaintiff cannot state a cognizable § 1983 claim against his public defender, Melina Benninghoff. It is well established that court appointed attorneys are not state actors. Polk v. Dodson, 454 U.S. 312, 325 (1981) (a court appointed attorney representing an indigent client does not act under color of state law when performing the traditional functions of a lawyer); Miranda v. Clark County of Nevada, 319 F.3d 465, 468 (9th Cir. 2003) (upholding dismissal of complaint on basis that public defender was not acting on behalf of county for purposes of § 1983 in representing plaintiff's interests); Hall v. Quillen, 631 F.2d 1154, 1156 (4th Cir. 1980) (court appointed attorney representing plaintiff in involuntary commitment proceedings is not a state actor); Harkins v. Eldredge, 505 F.2d 802, 805 (8th Cir. 1974) (the conduct of an attorney, whether retained or appointed, does not constitute action under color of state law).

### D. Judicial/Prosecutorial Immunity

Plaintiff's claims against Judges Burns, Tartar, and Barnes and the prosecuting attorney are also not cognizable. Judges and prosecutors are immune from liability under § 1983 when they are functioning in their official capacities. See Imbler v. Pactman, 424 U.S. 409, 427 (1976); see also Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir.2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (holding that judges and prosecutors are immune from liability for damages under § 1983). Where a prosecutor acts within his authority " 'in initiating a prosecution and in presenting the state's case,' absolute immunity applies." Ashelman, 793 F.2d at 1076 (quoting Imbler, 424 U.S. at 431).

### E. Municipal Liability

Plaintiff fails to state a claim against the County of Kings and the various other county and city departments named in the complaint. A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Rather, a local government unit may only be held liable if it inflicts the injury complained of through a policy or custom. Waggy

6

v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010).

Generally, to establish municipal liability, the plaintiff must show that a constitutional right was violated, the municipality had a policy, that policy was deliberately indifferent to plaintiff's constitutional rights, "and the policy was the moving force behind the constitutional violation." Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir. 2009) (citation omitted); see also Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185-86 (9th Cir. 2002).

### F. Abstention

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223. This Court will not interfere in the on-going criminal proceedings currently pending against Plaintiff in State Court.

### G. State Law Claims

Plaintiff alleges multiple violations of state law.[2] The California Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2010). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Shirk v. Vista Unified School District, 42 Cal.4th 201,

---

[2] **Error! Main Document Only.**Unless and until plaintiff has stated cognizable claims for relief under federal law, the Court has no jurisdiction over plaintiff's state law claims in this action. 28 U.S.C. § 1367(a). .

209 (2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort Claims Act. Cal. Gov't Code § 950.6; Bodde, 90 P.3d at 123. "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a compliant to general demurrer for failure to state a cause of action." Bodde, 90 P.3d at 120.

If Plaintiff chooses to amend his complaint he will need to allege facts sufficient to show he has complied with the requirements of the California Tort Claim Act to state a claim under California law.

### H. Joinder

Finally, Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980).

In this instance, Plaintiff is attempting to bring multiple unrelated claims alleging actions by unrelated defendants that occurred at different times. The claims alleged in the complaint do not arise out to the same transaction or occurrence or series of transactions or occurrences, nor are there common questions of law or fact. Plaintiff is cautioned that if his amended complaint fails to comply with Rule 18(a), the Court will choose which claims will proceed and will dismiss out all unrelated claims.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his federal rights. Plaintiff is granted leave to file an amended complaint within thirty days. Akhtar v. Mesa, 698 F.3d 1202, 1213 (9th Cir. 2012). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678-79.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012); Valdez-Lopez v. Chertoff, 656 F.3d 851, 857 (9th Cir. 2011), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. .

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed November 10, 2014, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 18, 2014**

UNITED STATES MAGISTRATE JUDGE