# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME LEE CROSS, | Case No. 1:14-cv-01755-KJM-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| CITY OF HANFORD DISTRICT ATTORNEY, et al., | (ECF No. 5) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Jerome Lee Cross, proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. 1983 on November 12, 2014. On November 18, 2014, an order issued dismissing the complaint for failure to state a claim. Currently before the Court is Plaintiff's amended complaint filed on December 15, 2014.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## DISCUSSION

Originally, the Court had assumed that Plaintiff was a pretrial detainee who was housed at the Kings County Jail. However, in his amended complaint he complains of unfair sentencing which aggravated his sentence, so he may be an inmate housed at the Kings County Jail. As in his original complaint, Plaintiff claims that Kings County Judges Barnes, Tartar, Burns and several district attorneys, his public defender, probation officers, and the Hanford Police Department conspired to deprive him of his constitutional rights.[1] (Compl. 6, ECF No. 5.) In the

---

[1] In the original complaint, Plaintiff alleged that while he was in custody for possession of a shuriken, a three bladed folding knife that opens into a throwing star, he was charged with assault with great bodily injury stemming from a fist fight on the recreational yard. Following a two day trial, the jury found Plaintiff guilty of simple assault. On October 17, 2013, Plaintiff was released from custody. (Compl. 5, ECF No. 1.)

order dismissing his complaint, Plaintiff was advised that to state a claim he must demonstrate that each defendant personally participated in the deprivation of his rights and of the legal standards that appeared to apply to his claims. (See Order Dismissing Complaint With Leave to Amend, ECF No. 4.) Further, Plaintiff was informed that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim, and his amended complaint must contain sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. (Id. at 2.)

Plaintiff's first amended complaint contains few factual allegations, but mainly consists of conclusory allegations that the defendants conspired to deprive him of his rights under the Constitution and there was a systematic practice in place at each County office that deprived him of his rights which is not sufficient to state any plausible claims for relief. Iqbal, 556 U.S. at

---

When Plaintiff's mother passed away she left her house in a trust to her children. At the time that Plaintiff was released from custody, his brother's estranged wife was living in the house. (Id. at 5.) Plaintiff went to the house and knocked on the doors and windows. (Id. at 5-6.) His sister-in-law came to the window, but went back inside without letting him in. Plaintiff went into the garage to try to get in through the garage door which is usually left unlocked. Finding the door locked, Plaintiff knocked. When no one answered he got upset and kicked the door open. (Id. at 6.)

Plaintiff went into the house to go to his room and was confronted by his sister-in-law who was on the phone with the police. Plaintiff's sister-in-law told him that she had a court order stating that she and her children are the only ones that could be at the house, but Plaintiff did not believe her. (Id.)

Plaintiff was handcuffed by Defendant Williams. Plaintiff told Defendant Williams that he had a copy of the will leaving the house in trust to his mother's children. Defendant Williams looked at the will and then went inside and got the court order from his sister-in-law. After looking over the paperwork, Defendant Williams placed Plaintiff under arrest for misdemeanor trespass and felony vandalism. (Id.)

Plaintiff was arraigned the next day and charged with three felonies, terrorist threats, vandalism and burglary, Plaintiff's bail was set at $125,000.00 and Public Defender Melina Benninghoff was appointed to represent him. Plaintiff agreed to waive time and a preliminary hearing. When the investigator went out to talk to his sister-in-law, she stated it was all a misunderstanding and she did not want to press charges. (Id.)

On the day of trial confirmation, the district attorney dismissed the felony charges and stated his intention to refile charges for possession of the shuriken. After the charges were refiled, Plaintiff repeatedly told the court that his rights were violated due to an unlawful stop. (Id. at 7.) Plaintiff had disagreements with his counsel on the motions to file in his case. Plaintiff tried to file motions pro per, but the court advised him that he could not file motions unless he was representing himself, so Plaintiff withdrew the motions. Plaintiff proceeded to trial and the jury hung. Charges were refiled. (Id.)

Plaintiff was recently found guilty of possession of an alcoholic beverage in jail following a jury trial. Plaintiff contends that he was questioned without being read his Miranda rights, evidence was destroyed, evidence was improperly admitted, the jury was pooled according to race and economic status, and the jury instructions were erroneous. (Id.)

Plaintiff alleges that his probation officer came to see him and Plaintiff refused to talk to him, telling the probation officer to refer to the prior probation report. When the probation officer asked Plaintiff if he did not care what happened to him, Plaintiff told him to get lost. Plaintiff filed a complaint with the Probation Department and received no response. (Id. at 8.)

The Court noted that Plaintiff filed an action based on these same or similar allegations which was dismissed on September 9, 2014 as barred by Heck v. Humphrey, 512 U.S. 477 (1994). Cross v. Kings County Sheriff Dept., No. 1:14-cv-01253-JLT (PC) (E.D. Cal.).

678; Moss, 572 F.3d at 969.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. In this instance, Plaintiff was provided the opportunity to cure the deficiencies identified in the November 18, 2014 order and the amended complaint merely states conclusory allegations that do not address the deficiencies identified.

In his amended complaint, Plaintiff names Kings County, Judges Tarter, Burns, and Barnes; Attorneys Guptun and Benninghoff; the District Attorney; Deputy District Attorney; City of Hanford; Kings County Probation Department; an unidentified probation officer; and Deputy Williams. For the reasons stated below, the Court finds that it would be futile to allow Plaintiff to amend his complaint.

**A. Habeas Relief**

Plaintiff complains that his attorney committed malpractice, and State court judges violated his right to fair sentencing, a fair trial and an impartial jury panel. (Am. Compl. 6, ECF No. 5.) State prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). This exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or *indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody*." Wilkinson, 544 U.S. at 81 (emphasis added). Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82.

When seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. Plaintiff has not alleged that his convictions have been reversed, expunged or declared invalid and claims relating to his convictions are not cognizable in a section 1983 action and must be brought by a writ of habeas corpus.

**B.   Public Defender**

Plaintiff cannot state a cognizable § 1983 claim against his public defender, Melina Benninghoff. It is well established that court appointed attorneys are not state actors. Polk v. Dodson, 454 U.S. 312, 325 (1981) (a court appointed attorney representing an indigent client does not act under color of state law when performing the traditional functions of a lawyer); Miranda v. Clark County of Nevada, 319 F.3d 465, 468 (9th Cir. 2003) (upholding dismissal of complaint on basis that public defender was not acting on behalf of county for purposes of § 1983 in representing plaintiff's interests); Hall v. Quillen, 631 F.2d 1154, 1156 (4th Cir. 1980) (court appointed attorney representing plaintiff in involuntary commitment proceedings is not a state actor); Harkins v. Eldredge, 505 F.2d 802, 805 (8th Cir. 1974) (the conduct of an attorney, whether retained or appointed, does not constitute action under color of state law). Since defense attorneys are not state actors, Plaintiff cannot state a cognizable claim under section 1983 against Defendant Benninghoff or any other attorney that represented him in his criminal action.

**C.   Immunity**

Plaintiff's claims against Judges Burns, Tartar, and Barnes, the prosecuting attorney, and the probation officer are also not cognizable. Judges and prosecutors are immune from liability under § 1983 when they are functioning in their official capacities. See Imbler v. Pactman, 424 U.S. 409, 427 (1976); see also Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir.2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in

their official capacities"); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (holding that judges and prosecutors are immune from liability for damages under § 1983).

1. Judicial Immunity

Judges are immune from damages for judicial acts that are taken within the jurisdiction of their courts. Ashelman, 793 F.2d at 1075. This judicial immunity applies however erroneous the judicial act may be and no matter how injurious the consequences may have proved to the plaintiff. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). A plaintiff cannot overcome judicial immunity by alleging that a judge and counsel conspired to deprive a criminal defendant of his constitutional rights. Lacey v. Maricopa County, 693 F.3d 896, 936-37 (9th Cir. 2012). Judicial immunity protects the finality of judgments and "judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." Forrester v. White, 484 U.S. 219, 226 (1988).

Determining whether the judge's act was judicial is determined by the character of the act. Forrester, 484 U.S. at 228. Plaintiff contends that judges violated his rights by refusing to allow him to file motions because he was represented by counsel, denying motions, and considering knowingly bolstered aggravating circumstances while downplaying mitigating circumstances during sentencing. The acts complained of would be a normal judicial function that centered around the case presently before the judge and arose directly and immediately out of a confrontation with the judge in his official capacity. Duvall v. County of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001). These are judicial acts over which the judges had subject matter jurisdiction during Plaintiff's criminal proceedings and the judges are therefore entitled to judicial immunity.

2. Prosecutorial Immunity

Plaintiff alleges that the district attorney bolstered and bogusly filed charges that do not fit the act or crime, and coerced him to take a plea deal. However, where a prosecutor acts within his authority " 'in initiating a prosecution and in presenting the state's case,' absolute immunity applies." Ashelman, 793 F.2d at 1076 (quoting Imbler, 424 U.S. at 431). A prosecutor is entitled to absolute immunity when he is acting as an advocate for the state in a

criminal prosecution. Genzler v. Longanbach, 410 F.3d 630, 636 (9th Cir. 2005). A prosecutor acts as an advocate when the act is "intimately associated with the judicial phase of the criminal process." Imber, 424 U.S. 409 at 430. Deciding whether to file charges and the charges to be filed and making plea offers are prosecutorial act taken within the district attorney's jurisdiction. The prosecutor is entitled to absolute immunity for the decisions made in filing and prosecuting Plaintiff's case.

        3.      Quasi-Judicial Immunity

Finally, Plaintiff alleges that the probation officer violated his rights by the facts included in his presentencing report. Individuals who perform functions that are an integral part of the judicial process are immune from liability. See Briscoe v. LaHue, 460 U.S. 325, 329 (1983) (witnesses testifying during judicial proceedings); Sellars v. Procunier, 641 F.2d 1295, 1303 (1981) (parole board officials in considering parole applications); Burkes v. Callion, 433 F.2d 318, 319 (9th Cir. 1970 (probation officers and court-appointed psychiatrists in preparing and submitting reports to the court); Demoran v. Witt, 781 F.2d 155, 158 (9th Cir. 1985) (probation officer in investigating and preparing presentencing report for court); Meyers v. Contra Costa County Dept. of Social Services, 812 F.2d 1154, 1158 (9th Cir. 1987) (child services workers in initiating and pursuing dependency proceedings); Todd v. Landrum, No. 2:12-cv-01770 LKK KJN PS, 2012 WL 5187836, at *3 (E.D. Cal. Oct. 17, 2012) (court appointed mediator).

"Probation officers preparing presentencing reports serve a function integral to the independent judicial process. . . . [T]hey act as 'an arm of the sentencing judge.'" Demoran, 781 F.2d at 157-58. The probation officer is immune from suit for his acts in preparing Plaintiff's presentencing report.

**D.    Municipal Liability**

Plaintiff attempts to state a claim by alleging that there was a systematic practice in the judiciary, District Attorney's Office, Public Defender's Office, Probation Office, Hanford Police Department, etc. that violated his rights. Generally, to establish municipal liability, the plaintiff must show that a constitutional right was violated, the municipality had a policy, that policy was deliberately indifferent to plaintiff's constitutional rights, "and the policy was the moving force

behind the constitutional violation." Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir. 2009) (citation omitted); see also Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185-86 (9th Cir. 2002).

While Plaintiff makes conclusory statements that there are systematic patterns and practices that exist, he does not include any facts to support a cognizable claim that there is a pattern or practice in any of the entities alleged to state a plausible claim. Even assuming that all the allegations were true in his case, Plaintiff's factual allegations do not show that there was an established policy or practice in place that would violate his constitutional rights. Plaintiff's conclusory statements without any supporting factual allegations are insufficient for the court to infer that a pattern or practice exists.

### E. Conspiracy

Plaintiff alleges that the defendants conspired to violate his civil rights. A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional right, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

Plaintiff contends that the defendants named in this action participated in a systematic pyramid scheme to violate his rights. While Plaintiff attempts to show a conspiracy based upon the operation of the criminal justice system (that probation officers used facts that Plaintiff did not or was reluctant to talk about in their reports and these reports were used by the judges to heighten aggravating circumstances during sentencing, and the district attorney recommended that the judge heed the probation report in sentencing) these alleged facts do not reasonably infer that the defendants had a meeting of the minds to deprive Plaintiff of his constitutional rights. Rather these facts demonstrate the manner in which the criminal justice system operates to allow

each of the parties to present their facts to the judge so that he is fully informed in making sentencing decisions.

Similarly, Plaintiff alleges that the police and district attorney conspired to inflate the charges against him so that he would be coerced to accept a plea agreement. However, no facts have been offered to show that there was any such agreement between the police and the district attorney. Rather the facts alleged in Plaintiff's original complaint demonstrate that charges were dropped due to the prosecuting witness's decision to not cooperate in the prosecution. Plaintiff fails to state a plausible claim for conspiracy.

### III.

### CONCLUSION AND ORDER

The Court finds that Plaintiff's complaint fails to state a claim upon which relief can be granted under section 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), the Court HEREBY RECOMMENDS that this action is be DISMISSED, with prejudice, for failure to state a claim.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may

result in the waiver of rights on appeal. Wilkerson v. Wheeler, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 18, 2014**

UNITED STATES MAGISTRATE JUDGE